## Henry v. Fields.

June 23, 1939.

Petition for Rehearing Withdrawn Sept. 26, 1939.

L. L. Hindman, Judge.

Hester & Stahr for appellant.

H. T. Smith for appellee.

OPINION OF THE COURT BY JUDGE FULTON—Affirming.

The appellant, J. Dee Henry, is appealing from a judgment for $1,080 rendered in an action brought against him by appellee, J. Currie Fields, for assault and battery. Three grounds are urged for reversal: (1) The verdict is flagrantly against the evidence, (2) the verdict is excessive, and (3) misconduct of appellee's counsel in attempting to get incompetent evidence before the jury.

(1) The evidence discloses that the appellee was attempting to secure a mortgage loan on property owned by him in Hickman through the Federal Savings Building and Loan Association, of which appellant was the secretary. Appellant was also engaged in the insurance business and transacted his business as secretary of the building and loan association in his insurance office. On the day the difficulty between appellant and appellee occurred, the appellee had had one or two conferences with appellant concerning this loan and appellant had informed him that the building and loan association would not make loans on the type of property owned by appellee.

Appellee's version of the difficulty is that he returned the second time to appellant's place of business and said to him that he had come back to see if he would not take the application for the loan and stated to appellant, "I heard you accepted one yesterday," and that appellant then said, "Don't you dispute my word," and grabbed a piece of wood about a foot and a half long and hit him on the side of the head; that he then fell back against the wall and appellant jumped over the

counter behind which he was standing and struck him with his fist and knocked him down and "stomped" on him, and that when he got up he could hardly see for the blood that was running down his face; that appellant then kicked him in the back and shoved him out the door.

Appellant's version of the difficulty is that appellee came into his place of business seeming to be very nervous and "shot to pieces." He says that appellee stated to him that he had decided to make him make the loan and that he informed appellee he could not do that; that appellee then struck at him and that he dodged back and that when he did, appellee hit him under the eye; that he reached for appellee and got him by the tie, whereupon appellee pulled back and the tie gave way and appellee fell over a chair which threw him on the floor; that when appellee got up he ran his hand in his pocket, whereupon appellant jumped over the counter, and that appellee came at him again and went after his knife, and that he then kicked him and he let the knife go; that he and a man working in his office then opened the door and pushed appellee out.

As a result of the encounter, appellee sustained two broken ribs and appears to have had a number of bruises on his face—witnesses testify that when he came from appellant's place of business blood was running down his face. He testified that he suffered excruciating pain from his injuries and was unable to go back to work for two weeks and that it was 30 days before he was able to do anything. He saw a physician several times and was required to keep a bandage around his body for about a month.

Two employees of appellant, who were in the insurance office at the time of the difficulty, did not see the beginning of it but corroborated appellant to the extent of testifying to finding the tie on the floor after the difficulty and also state that they saw there a knife which they had not seen before. Appellee denied that the tie or knife belonged to him.

Appellant is a man 48 years of age, weighing 200 pounds or more, while appellee is a man 57 years of age and of slight build. The appellant, on cross-examination, exhibited rather a pugnacious disposition before the jury and certain evidence seems to indicate that he is rather violently inclined.

It will be seen from this statement of facts that the

case was peculiarly one for the jury to pass on. The evidence was highly conflicting and the verdict depended largely on whether the jury believed the version of appellant or appellee. They had the right to believe either one.

The jury saw and heard the parties and determined either that appellant was the aggressor or used more force than was reasonably necessary in the circumstances. We are not at liberty to disturb the verdict unless it is so flagrantly against the evidence as to indicate that it was brought about by reason of passion or prejudice on the part of the jury—such was not the case. We are of the opinion that the evidence was amply sufficient to support the verdict.

(2) Appellant's contention that the verdict is excessive is also without merit. It is the rule that it is peculiarly the province of the jury to fix the amount of recovery and that a judgment will not be reversed as being excessive unless it is so much so as to strike the mind at first blush as being the result of passion and prejudice. Louisville Taxicab & Transfer Co. v. Reno, 237 Ky. 452, 35 S. W. (2d) 902; National Bond & Investment Co. v. Whithorn, 276 Ky. 204, 123 S. W. (2d) 263. In the latter case a verdict for $700 compensatory damages was upheld where the injuries inflicted were far less serious and painful than the one sustained by appellee in this case.

(3) When this action was filed the appellant made a written offer to confess judgment for $50. At the conclusion of appellee's evidence his counsel made this statement: "I want to read that offer that was made here." The court sustained the objection of appellant, but he now contends that this statement by counsel was sufficient to authorize a reversal of the judgment.

The mere statement by counsel that he wanted to read "that offer that was made," was, in our judgment, not sufficient to acquaint the jury with the fact that the defendant had made an offer to confess judgment. The jury, having no knowledge of legal procedure, would likely have no idea as to what kind of offer counsel was referring. The language used by counsel was not even sufficient to inform the jury as to whether he was referring to an offer made by the appellant or to one made by the appellee. We do not think this statement of counsel could have been so prejudicial to appellant's

substantial rights as to warrant a reversal of the judgment, in view of the fact that it is doubtful that the jury knew to what offer counsel was referring.

The judgment is affirmed.